BOGGS ET AL., APPELLEES, *v.* SACHS, APPELLANT.

(No. 8270—Decided June 10, 1957.)

*Mr. James B. Swing* and *Mr. Louis E. Dietz,* for appellees.
*Mr. James G. Andrews, Jr.,* for appellant.

MATTHEWS, J.   The plaintiff Faye Boggs was operating her automobile in a northerly direction on Summit Road, a main thoroughfare in Hamilton County, Ohio, and defendant, Frances Sachs, was operating her automobile in a westerly direction on Section Road, from which she entered Summit Road.   There was a collision of the two automobiles in the intersection of the two roads.   Each claimed the collision was the fault of the other.

The plaintiffs, in their petition in the Municipal Court of Cincinnati, allege that the defendant entered Summit Road without stopping, in disregard of a stop sign located there, and failed to keep a lookout for other automobiles, and thus negligently collided with and damaged the plaintiff Boggs' automobile in the amount of $483.95, for which they pray judgment.

The defendant admits the collision and denies all other allegations of the petition.

The trial resulted in a verdict for the plaintiffs for $483.95.

The court entered judgment on the verdict and overruled the defendant's motion for a new trial. The defendant appealed to this court.

The evidence is conflicting. There was evidence tending to prove that the collision resulted solely from the negligence of the defendant. There was evidence tending to prove the collision was caused solely from plaintiff Boggs' negligence. The jury, on the evidence, could have found both drivers negligent.

The defendant contends that the court erred in refusing to give three special charges, and in the general charge.

Before argument to the jury, the defendant presented to the court the following two written special charges, with the request that the court give them to the jury before argument:

"The court charges you that if you find by a preponderance of the evidence, that the plaintiff Faye Boggs was negligent and that such negligence directly contributed to cause the collision, then neither Faye Boggs nor Buckeye Union Insurance Company is entitled to recover and your verdict must be for the defendant, even though you may also find by a preponderance of the evidence that the defendant was also negligent."

"The court charges you that if the plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent and further that such negligence directly and solely caused the collision, then neither Faye Boggs nor Buckeye Union Insurance Company is entitled to recover and your verdict must be for the defendant."

In argument, plaintiffs' counsel did not dispute the law stated in either of these charges, or of their applicability to the issues to be decided by the jury. His claim was that the court had already covered the same field in three other special charges given at defendant's request. However, an examination of these special charges discloses that they relate solely to the circumstances under which the plaintiff Faye Boggs would lose the preferential right to which she was entitled, if she was operating her automobile in a lawful manner.

We find that the court erred, to the prejudice of the defendant, in refusing to give the special charges heretofore quoted.

In the general charge, the court used the following language:

"You heard the arguments of counsel. They made opening statements and they made closing statements. Those statements are not evidence in the case at all. You just ignore them. They are simply given to you to give you counsel's interpretation of what the facts show. The facts are purely and simply what you have heard here from the mouths of the witnesses on the witness stand."

It is claimed that the court by this language deprived the jury of every benefit that might accrue from the reasoning of the attorneys, and, no matter how much the jury might approve of the analysis of the evidence by the attorneys, they must ignore it in reaching a verdict.

We do not think the court meant to give any such instruction. The use of the word "ignore" was unfortunate. To tell the jury that it should refuse to take notice of, or to consider, or to reject, makes the oral argument a vain thing, and deprives the litigant of his right to be effectively represented by counsel, and to argue upon the evidence.

For error in refusing to give the special charges requested by defendant, and for the error in the general charge, the judgment is reversed and the cause remanded to the Municipal Court of Cincinnati for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT, P. J., and LONG, J., concur.